IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARRY R. ELLWANGER, JR.,

        Plaintiff,                OPINION AND ORDER

    v.                                     09-cv–80-bbc

MICHAEL ASTRUE,
Commissioner of Social Security,

        Defendant.

---

On August 13, 2009, I issued an order remanding this case to the commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Judgment was entered on August 14, 2009. Now before the court is plaintiff Harry Ellwanger, Jr.'s application for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff is seeking fees in the amount of $8,080.25. Defendant does not dispute the amount of the fees sought but does dispute the characterization of his position as unjustified. Because I find that defendant's position was unjustified, I will grant the petition for an award of fees and costs in the total amount of $8,080.25.

1

FACTS

The relevant facts are set forth in the opinion and order of August 13, 2009. To recap, plaintiff applied for supplemental security income in August 2005, alleging that he was unable to work because he could not walk or stand for very long. At the time, plaintiff was 45 years old and had past relevant work experience as a bartender. Plaintiff's medical records showed that plaintiff had had surgery after breaking his ankle in June 2005. Although the ankle had healed normally after the surgery, plaintiff was continuing to have problems walking and standing. In addition, plaintiff was obese, suffered from hypertension and had weakness in his hands after carpal tunnel release surgery.

After the state agency denied his application, plaintiff requested a hearing before an administrative law judge. The administrative law judge determined that plaintiff's leg and hand problems limited him to sedentary jobs that did not require him to lift more than 10 pounds, stand for more than 10 minutes at a time or perform more than occasional fine or gross manipulation with his dominant left hand. A vocational expert testifying at the hearing was ultimately able to identify only one occupation that satisfied these restrictions, that of customer service representative. The expert told the administrative law judge at the hearing that a person with the restrictions outlined by the administrative law judge could meet the requirements of this job and that her testimony was consistent with information provided in the <u>Dictionary of Occupational Titles</u>, published by the Department of Labor.

In a decision issued June 5, 2008, the administrative law judge relied on this testimony as a basis for finding that plaintiff was not disabled.  The administrative law judge's decision became the final decision of the commissioner when the Appeals Council denied plaintiff's request for review.

On appeal to this court, plaintiff argued that the administrative law judge's determination that he could perform the job of customer service representative was not supported by substantial evidence.  His argument rested on three grounds:  1) the job of customer service representative, as described in the Dictionary of Occupational Titles, is a skilled job, whereas the administrative law judge found that plaintiff could perform only unskilled work; 2) the administrative law judge ignored medical evidence regarding plaintiff's obesity and leg swelling that supported a finding that plaintiff could not perform even sedentary work; and 3) the administrative law judge did not fairly evaluate the credibility of plaintiff's subjective complaints.  In response, the government argued that plaintiff's contention that he lacked transferable skills and therefore was restricted to unskilled work was a "red herring," the medical evidence did not support a finding that plaintiff had to elevate his leg during the day or that his obesity resulted in limitations beyond those found by the administrative law judge and the administrative law judge's credibility finding was reasonably supported by the evidence.

3

I agreed that the administrative law judge had conducted a faulty evaluation of the medical evidence in evaluating plaintiff's subjective complaints and determining his residual functional capacity. I found that the administrative law judge had unreasonably limited the scope of his inquiry to the limitations that could credibly result from plaintiff's ankle injury and ignored plaintiff's other impairments, including residual nerve and vascular damage in his leg from a 1977 injury, obesity and hypertension, all of which could contribute to plaintiff's reported swelling in his leg. I also agreed that an unexplained conflict existed between the vocational expert's testimony and The Dictionary of Occupational Titles regarding whether plaintiff could perform the job of customer service representative. I noted that the commissioner had not made any attempt to refute plaintiff's argument that no customer service representative position identified in the Dictionary could be performed at the unskilled level and that the statute the commissioner had cited in defense of the administrative law judge's finding was irrelevant.

OPINION

Under the substantially justified standard, a party who succeeds in a suit against the government is not entitled to fees if the government took a position that had "'a reasonable basis in law and fact.'" Young v. Sullivan, 972 F.2d 830, 835 (7th Cir. 1992) (quoting Pierce v. Underwood, 487 U.S. 552, 566 n.2 (1988)). To satisfy the substantial justification

4

standard, the government must show that its position was grounded in (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory advanced. United States v. Hallmark Construction Co., 200 F.3d 1076, 1080 (7th Cir. 2000). Put another way, "[t]he test for substantial justification is whether the agency had a rational ground for thinking it had a rational ground for its action." Kolman v. Shalala, 39 F.3d 173, 177 (7th Cir. 1994). The government carries the burden of proving that its position was substantially justified. Marcus v. Shalala, 17 F.3d 1033, 1036 (7th Cir. 1994). The commissioner can meet his burden if there was a "genuine dispute," or if reasonable people could differ as to the propriety of the contested action. Pierce, 487 U.S. at 565.

When considering whether the government's position was substantially justified, the court must consider not only the government's position during litigation but also its position with respect to the original government action which gave rise to the litigation. 28 U.S.C. § 2412(d)(1)(B) (conduct at administrative level relevant to determination of substantial justification); Gotches v. Heckler, 782 F.2d 765, 767 (7th Cir. 1986). A decision by an administrative law judge constitutes part of the agency's pre-litigation conduct. Golembiewski v. Barnhart, 382 F.3d 721, 724 (7th Cir. 2004). "EAJA fees may be awarded if either the government's prelitigation conduct or its litigation position are not substantially justified. However, the district court is to make only one determination for the entire civil

action." Marcus, 17 F.3d at 1036 (internal citations omitted); see also Jackson v. Chater, 94 F.3d 274, 278 (7th Cir. 1996) (Equal Access to Justice Act requires single substantial justification determination that "simultaneously encompasses and accommodates the entire civil action").  Thus, fees may be awarded where the government's prelitigation conduct was not substantially justified despite a substantially justified litigation position.  Marcus, 17 F.3d at 1036.  The decision of the administrative law judge is considered part of the defendant's prelitigation conduct, making an examination of that conduct necessary to the substantial justification inquiry.  Golembiewski, 382 F.3d at 724.

In defense of the government's position, the commissioner argues that the administrative law judge was justified in rejecting plaintiff's allegation that he had to elevate his leg during the day because it was inconsistent with the clinical evidence showing that his fracture had healed and the opinions of the state agency physicians, who concluded that plaintiff could perform at least sedentary work.  Relying on Stein v. Sullivan, 966 F.2d 317, 319-20 (7th Cir. 1992), the commissioner argues that this was merely a "lack of articulation" case that "in no way necessitates a finding [that] the Secretary's position was not substantially justified."  Although it is true that a mere failure by the administrative law judge to provide an adequate explanation for his conclusions does not give the plaintiff automatic entitlement to EAJA fees, I disagree that a lack of articulation was the administrative law judge's only error in this case.  Rather, he erred in questioning whether

6

plaintiff had sustained nerve and vascular damage to his left leg in 1977 when no doctor had ever done so and in completely omitting plaintiff's obesity and hypertension from his analysis of plaintiff's credible limitations. Thus, I remanded the case not because the administrative law judge failed to provide *enough* reasoning, but rather because he provided *poor* reasoning. An administrative law judge cannot rely on his own lay opinion or ignore an entire line of evidence in concluding that a person's subjective complaints are not credible. Golembiewski v. Barnhart, 382 F.3d 721, 725 (7th Cir. 2004) ("It is not reasonable for an ALJ to find that a condition does not exist at all where the evidence establishes that it does exist even if it is 'small'"). The finding of the administrative law judge in this case that plaintiff's leg complaints resulted only from what is "in essence an entirely healed fracture" lacks support in the record. It was not reasonable for him to rely on that finding in rejecting plaintiff's application or for the commissioner to rely on it in defending the administrative law judge's decision. Accordingly, I find that the government's position in this case was not substantially justified.

In light of this finding, it is unnecessary to reach the question whether the administrative law judge might have been justified at step five of the sequential analysis in relying on the vocational expert's testimony because plaintiff did not raise at the hearing any discrepancy between the expert's testimony and the Dictionary of Occupational Titles. I note, however, that the commissioner did not defend the administrative law judge's step five

7

finding on waiver grounds until the fee proceeding. During the proceeding on the merits, the commissioner took a different tack that could only be described as irrational. Op. and Order, Aug. 13, 2009, dkt. 12, at 16 (saying it was "a mystery" why commissioner was relying on 20 C.F.R. § 416.968(d)(4), which did not apply to plaintiff). The unreasonableness of the government's litigation position on that issue lends support to the conclusion that the government's overall position in this case was not substantially justified.

ORDER

IT IS ORDERED that the petition of plaintiff Harry Ellwanger, Jr. for an award of attorney fees and expenses under the Equal Access to Justice Act is GRANTED. Plaintiff is awarded fees and costs in the amount of $8,080.25. Pursuant to the fee assignment executed by plaintiff, dkt. #16, exh. H, these fees are payable to plaintiff's attorney, Frederick J. Daley.

Entered this 5th day of February, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge